Rosales 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 




NO. 3-91-365-CV




GEORGE ROSALES AND ESTER RIVERA,



 APPELLANTS


vs.





STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,



 APPELLEE



 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 200TH JUDICIAL DISTRICT



NO. 91-3430, HONORABLE HUME COFER, JUDGE PRESIDING



 




 George Rosales and Ester Rivera sued State Farm Mutual Automobile Insurance
to recover underinsured motorist (UIM) benefits under a Texas Standard Liability Policy issued
to Sharon Barrett. The trial court concluded that Rosales and Rivera could not obtain both
liability and UIM benefits under a single insurance policy, and granted summary judgment in
favor of State Farm. Rosales and Rivera do not argue that genuine issues of material fact preclude
summary judgment in this cause, but that the trial court incorrectly applied substantive law to
reach an erroneous result. We will affirm the trial-court judgment.



FACTS


 On March 3, 1990, Rosales and Rivera were passengers in Barrett's 1987 Ford
Tempo when it collided with another vehicle. It is undisputed that Barrett caused the accident,
and that Rosales and Rivera were seriously injured. Barrett carried a State Farm automobile-insurance policy that provided liability and uninsured/underinsured motorist (UM/UIM) coverage. 
State Farm paid Rosales and Rivera $25,000 each, the maximum amount of bodily-injury liability
insurance available per person under Barrett's policy. In addition, Rosales and Rivera received
UIM benefits from their own insurance policies. Rosales and Rivera also made claims for UIM
benefits under the Barrett policy, but State Farm denied these claims. 

 Rosales and Rivera filed suit against State Farm, seeking recovery of UIM benefits
under Barrett's policy, as well as extra-contractual damages flowing from State Farm's denial of
their claims. State Farm moved for summary judgment on the ground that it had no obligation
to pay UIM benefits to Rosales and Rivera because Barrett's vehicle was not an underinsured
vehicle according to the policy's terms. The trial court granted summary judgment for State
Farm, and Rosales and Rivera now appeal.



DISCUSSION


 In a single point of error, Rosales and Rivera contend that the trial court incorrectly
applied Texas substantive law in rendering judgment in favor of State Farm. They argue first that
State Farm incorrectly applied an exclusion in Barrett's policy to deny them UIM benefits. State
Farm responds that Rosales and Rivera are not entitled to UM/UIM benefits because, by
definition, Barrett's vehicle is not an underinsured vehicle. We agree.

 Barrett's policy specifies that uninsured/underinsured vehicles do not include
vehicles owned by or furnished or available for the regular use of the named insured. (1) The parties
stipulated that Barrett was the named insured on the policy at issue in this cause, and that Rosales
and Rivera were riding in a vehicle "owned by or available for the regular use of Sharon Barrett"
at the time of the accident. From these stipulated facts, we can conclude only that the policy's
unambiguous language supports State Farm's coverage position. 

 Rosales and Rivera next advance the public-policy argument that the definitional
exclusion at issue contravenes the purpose and intent of the uninsured/underinsured motorist
statute. See Tex. Ins. Code Ann. art. 5.06-1 (1981 and Supp. 1992). The purpose of that statute
is to protect conscientious motorists from financial loss caused by financially-irresponsible
motorists. See Briones v. State Farm Mut. Auto. Ins. Co., 790 S.W.2d 70, 74 (Tex. App. 1990,
writ denied). Rosales and Rivera support their public-policy argument by pointing to a number
of cases that deal with circumstances under which injured parties may combine or "stack" the
coverage of two or more separate and distinct insurance policies. See Stracener v. United Serv.
Auto. Ass'n, 777 S.W.2d 378 (Tex. 1989) (allowing parties to stack the limits of UIM coverage
when other coverages available); American Motorists Ins. Co. v. Briggs, 514 S.W.2d 233 (Tex.
1974) (when a person has coverage under two separate uninsured motorist policies, liability is
joint and several to the extent of the actual damages); American Liberty Ins. Co. v. Ranzau, 481
S.W.2d 793 (Tex. 1972) ("other insurance" clauses may not be used to limit uninsured-motorist
liability in contravention of article 5.06-1); Fidelity & Casualty Co. v. Gatlin, 470 S.W.2d 924
(Tex. Civ. App. 1971, no writ) (permitting family of deceased passenger to recover uninsured
motorist coverage from two different policies). Rosales and Rivera place particular emphasis on
Stracener, in which the Texas Supreme Court discussed at length uninsured (UM) and UIM
exclusions in insurance policies. 777 S.W.2d at 381-84. From these cases, Rosales and Rivera
conclude that Texas courts have repeatedly disregarded all forms of liability-limiting clauses in
determining the applicability of UIM benefits. 

 We note, however, that the issue in this cause--whether Rosales and Rivera may
recover both liability and UIM benefits under a single insurance policy--is distinguishable from
the issue of stacking coverage under separate insurance policies. We know of no case where a
Texas court has permitted an injured passenger to obtain both liability and UIM benefits under
a single insurance policy, and appellants cite us to no such authority. Moreover, a number of
Texas courts have upheld limitations on UM/UIM coverage in recent years without concluding
that those limitations contravene public policy. See, e.g., Scarborough v. Employers Casualty
Co., 820 S.W.2d 32 (Tex. App. 1991, no writ) (woman injured while a passenger in her own
vehicle precluded from UIM coverage as a matter of law); Berry v. Texas Farm Bureau Mut. Ins.
Co., 782 S.W.2d 246 (Tex. App. 1989, writ denied) (holding valid an owned-but-unscheduled
restriction in a UM policy); Sims v. Standard Fire Ins. Co., 781 S.W.2d 328 (Tex. App. 1989,
writ denied) ("excluded driver" endorsement in a UM/UIM policy held valid and enforceable). 
In fact, this Court recently upheld the validity of an owned-but-unscheduled-vehicle exclusion in
a UM/UIM policy. See Conlin v. State Farm Auto. Ins. Co., 828 S.W.2d 332 (Tex. App. 1992,
writ requested).

 We acknowledge that in the recent case of Briones v. State Farm Mutual Insurance
Co., 709 S.W.2d 70, 72-74 (Tex. App. 1990, writ denied), the San Antonio Court of Appeals,
relying primarily on Stracener, held that a definitional exclusion on uninsured coverage was an
invalid restriction of coverage required by article 5.06-1 of the Insurance Code. That case
presented a narrow set of facts in which Briones was a passenger in an uninsured vehicle furnished
by his employer and driven by an uninsured co-worker. When Briones sought to recover under
the UM clause of his family automobile policy, State Farm refused coverage on the ground that
the vehicle in which Briones was injured had been furnished by the employer for Briones's regular
use. Id. at 71. Although the Briones court concluded that enforcing the definitional exclusion
under the particular facts of that case would frustrate the intent of the UM statute, the court did
not condemn definitional exclusions in all cases. Instead, the Briones court advocated that courts
determine on a case-by-case basis whether upholding a definitional exclusion operates to deprive
an insured of the protection required by the UM/UIM statute. Id. at 74.

 We believe that invalidating the definitional exclusion in the present cause would
not further the purpose of the UM/UIM statute since nothing in the record indicates that Barrett
was a "financially irresponsible motorist." See id. As noted, Rosales and Rivera each recovered
$25,000 liability under Barrett's policy. 

 State Farm argues that Barrett did not purchase UIM coverage for the purpose of
increasing her own policy limits or protecting her passengers from her own negligence, but as
protection from the negligence of other uninsured and underinsured drivers. State Farm contends
that permitting Rosales and Rivera to recover both liability and UIM payments under Barrett's
policy would effectively convert UIM coverage into a second layer of liability coverage, a result
not contemplated by the parties to the policy and not calculated in the cost of the policy premium. 
We agree with State Farm and conclude that UIM coverage is not available for damages sustained
by a passenger who has already recovered the full amount of liability limits under that same
policy. 

 Having recovered the liability limits under Barrett's policy, Rosales and Rivera are
precluded from recovering the remainder of their damages under the UIM provision of that same
policy. Accordingly, we overrule this point of error and affirm the trial court's summary
judgment.




 

 Jimmy Carroll, Chief Justice

[Before Chief Justice Carroll, Justices Aboussie and B. A. Smith]

Affirmed

Filed: August 12, 1992

[Publish] 
1. The parties refer to this policy provision as the "definitional exclusion."