**FARMERS TEXAS COUNTY MUTUAL INSURANCE COMPANY, Appellant,**

v.

**Cindy GRIFFIN, et al., Appellees.**

No. 05–92–02902–C.

Court of Appeals of Texas, Dallas.

Nov. 30, 1993.

Rehearing Denied Jan. 18, 1994.

Charles T. Frazier, Jr., William F. Allred, Dallas, for appellant.

Frank G. Guinta, Dallas, for appellees.

Before BAKER, BURNETT and MORRIS, JJ.

## OPINION

BURNETT, Justice.

Farmers Texas County Mutual Insurance Company (Farmers) appeals the summary judgment granted to Cindy Griffin, individually and as next friend of Tony Dwane Griffin, Christi Nicole Griffin, and Ashley Dawn Griffin (the Griffins). Farmers, in four points of error, contends that the trial court's summary judgment and award of attorney's fees to the Griffins were improper. Farmers asserts that the Griffins were not entitled to uninsured/underinsured proceeds and did not present competent summary judgment evidence to support their claim for attorney's fees and guardian ad litem fees.

This suit arises from an insurance coverage dispute concerning underinsured motorist (UIM) benefits. Farmers had denied the Griffins UIM proceeds based on the policy's definition of an uninsured/underinsured vehicle. Because the policy's definition of an uninsured/underinsured motor vehicle is neither ambiguous nor violative of public policy, we sustain Farmers's first and second points of error.

We reverse the trial court's order granting summary judgment to the Griffins and render judgment that the Griffins take nothing on their claims for uninsured/underinsured motorist benefits and attorney's fees. We affirm that part of the trial court's judgment assessing guardian ad litem fees against Farmers.

## FACTUAL AND PROCEDURAL HISTORY

This suit arises from an automobile accident in which Cindy Griffin and her minor children were passengers in a 1978 Thunderbird driven by Griffin's husband, Danny Dwane Griffin. Mr. Griffin carried a Farmers's "family" automobile-insurance policy on the 1978 Thunderbird. The policy provided liability insurance, personal injury protection, and uninsured/underinsured motorists coverage. Farmers paid the Griffins, who suffered injuries as a result of Mr. Griffin's negligence, the maximum amount of bodily-injury liability available per person per accident under the liability portion of the policy.

Because their injuries exceeded the liability policy limits, the Griffins also made claims

against the same policy for UIM benefits. The Griffins, insureds under the family policy and passengers in the covered auto, are defined as "covered persons" under the UIM part of the policy. Farmers denied coverage because the policy specifically excluded the Thunderbird, a vehicle owned by the insured (and covered under the family policy), from the definition of an uninsured/underinsured vehicle. The Griffins sued Farmers for the recovery of UIM proceeds, seeking a declaration that the limited definition of an uninsured/underinsured motor vehicle contravenes the purpose and intent of article 5.06–1 of the Texas Insurance Code. *See* Tex.Ins. Code Ann. art. 5.06–1 (Vernon 1981 & Supp. 1993) (the uninsured/underinsured motorists statute).

Farmers and the Griffins moved for summary judgment. The trial court granted summary judgment to the Griffins, awarding the Griffins $40,000 in UIM benefits plus attorney's fees and guardian ad litem fees. The trial court specifically denied the Griffins's claims for declaratory relief and Farmers's claim for attorney's fees.

### SUMMARY JUDGMENT

A trial court may render summary judgment only if the pleadings, depositions, admissions, and affidavits show that no genuine issue exists regarding any material fact and that the movant is entitled to judgment as a matter of law. Tex.R.Civ.P. 166a(c); *Black v. Victoria Lloyds Ins. Co.,* 797 S.W.2d 20, 23 (Tex.1990). Summary judgment is designed to eliminate unmerited claims or untenable defenses; it is not intended to deprive litigants of their right to a full hearing on fact issues. *Compton v. Calabria,* 811 S.W.2d 945, 949 (Tex.App.—Dallas 1991, no writ) (citing *Gulbenkian v. Penn,* 151 Tex. 412, 416, 252 S.W.2d 929, 931 (1952)).

■ Under rule 166a, both plaintiff and defendant may simultaneously move for summary judgment. Tex.R.Civ.P. 166a. A movant must expressly present, in the summary judgment motion, the specific grounds for summary judgment. *McConnell v. South-*

*side Indep. Sch. Dist.,* 858 S.W.2d 337, 341 (Tex.1993). Each party must carry its own burden, and neither can prevail due to the other's failure to meet its burden. *See Cove Inv., Inc. v. Manges,* 602 S.W.2d 512, 514 (Tex.1980).

■ When a trial court's order granting summary judgment for one movant and denying summary judgment for the other does not specify the grounds upon which it rests, this Court may affirm the trial court's judgment if any of the grounds raised in the prevailing movant's motion are meritorious. *Carr v. Brasher,* 776 S.W.2d 567, 569 (Tex. 1989). This Court may also reverse the trial court's judgment and render judgment for the other movant based on any meritorious grounds raised in its motion. *See id.; Jones v. Strauss,* 745 S.W.2d 898, 900 (Tex.1988).

■ On appeal, this Court considers all evidence accompanying both motions in determining whether to grant either party's motion. *Edinburg Consol. Indep. Sch. Dist. v. St. Paul Ins. Co.,* 783 S.W.2d 610, 612 (Tex.App.—Corpus Christi 1989, no writ). In reviewing the summary judgment evidence, we apply the following standards:

1. The movant has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law;

2. In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the nonmovant is taken as true; and

3. Every reasonable inference must be indulged in favor of the nonmovant and any doubts resolved in its favor.

*Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548–49 (Tex.1985).

The facts are undisputed. In their motions for summary judgment, Farmers and the Griffins presented the trial court with two issues of law: (1) whether the policy's express terms exclude the Thunderbird from the definition of an uninsured/underinsured motor vehicle, thereby precluding the Grif-

fins's recovery of UIM benefits; and (2) whether this exclusion contravenes the public policy embodied in article 5.06–1 of the insurance code, thereby rendering the exclusion invalid and allowing recovery of UIM proceeds. We now consider each issue to determine whether the Griffin's summary judgment was warranted.

## POLICY INTERPRETATION

Farmers contends that the Thunderbird is not an uninsured/underinsured motor vehicle under the express terms of the standard automobile-insurance policy. The policy stipulates that only injuries resulting from the ownership or operation of uninsured/underinsured motor vehicles are covered. The policy specifies that an "uninsured motor vehicle" does not include "any vehicle or equipment *owned by or furnished or available for the regular use of you or any family member*." [1]

The parties stipulated that the Thunderbird was a vehicle owned by or available for the regular use of Mr. Griffin, a policy holder and a Griffin family member. The Thunderbird, as a matter of law, did not qualify as an uninsured/underinsured motor vehicle under the terms of the automobile-insurance policy. *See Phillips v. Union Bankers Ins. Co.,* 812 S.W.2d 616, 618 (Tex.App.—Dallas 1991, no writ) (if policy's language is plain, we enforce it as written). The Griffins cannot recover UIM benefits under the policy as written.

However, the trial court found that the policy's definitional exclusion of certain uninsured/underinsured motor vehicles violates public policy.

## PUBLIC POLICY

Farmers contends that the unambiguous exclusion does not contravene the intent and purpose of the UIM statute. The Griffins assert that the trial court correctly concluded that the definitional exclusion places an invalid limitation on an insured's right to recover damages from owners or operators of uninsured/underinsured motor vehicles.

## A. Applicable Law

The legislature and the State Board of Insurance determine the public policy of Texas as it relates to automobile insurance coverage. *Boon v. Premier Ins. Co.,* 519 S.W.2d 703, 704 (Tex.Civ.App.—Texarkana 1975, no writ). The Texas Legislature enacted the UIM statute to protect conscientious motorists from "financial loss caused by negligent financially irresponsible motorists." Act of Oct. 1, 1967, ch. 202, § 3, 1967 Tex.Gen.Laws 448, 449. The purpose of the UIM statute is to provide for "the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured or underinsured motor vehicles." TEX.INS.CODE ANN. art. 5.06–1(1) (Vernon 1981).

By enacting the UIM statute, the legislature empowered the Board to promulgate forms regarding uninsured/underinsured motorists coverage. TEX.INS.CODE ANN. art. 5.06–1(2)(c) (Vernon Supp.1993). These official forms become part of the standard Texas automobile-insurance policy. The legislature specifically authorized the Board to exclude certain motor vehicles from the standard policy's definition of an uninsured/underinsured motor vehicle although the operators may in fact be uninsured. TEX.INS.CODE ANN. art. 5.06–1(2)(c) (Vernon Supp.1993). Pursuant to this authority, the Board excluded "any vehicle or equipment owned by or furnished or available for the regular use of the insured or any family member."

■ The Board's role, however, is ministerial. *Hamaker v. American States Ins.,* 493 S.W.2d 893, 895 (Tex.Civ.App.—Houston [1st Dist.] 1973, writ ref'd n.r.e.). The Board implements policy as determined by the legislature. *Segal v. Southern County Mut. Ins. Co.,* 832 S.W.2d 617, 621 (Tex.App.—Dallas 1992, no writ). Consequently, clauses in automobile-insurance policies which are not consistent with and do not further the purpose of the UIM statute are invalid and unenforceable. *Stracener v. United Servs. Auto. Ass'n,* 777 S.W.2d 378, 384 (Tex.1989).

1. This provision will be referred to as the "definitional exclusion."

In 1990, the San Antonio Court of Appeals first considered the validity of the "owned by or furnished for the regular use of" definitional exclusion in light of the supreme court's decision in *Stracener. Briones v. State Farm Mut. Auto. Ins. Co.,* 790 S.W.2d 70 (Tex.App.—San Antonio 1990, writ denied). In *Briones,* the insured was injured while a passenger in an uninsured truck owned by his employer and driven by an uninsured coemployee. The insurer denied UIM benefits because the truck was furnished for the insured's regular use. *Id.* at 71. Applying *Stracener,* the San Antonio court held that the exclusion, under the circumstances, violated the intent and purpose of article 5.06–1. *Id.* at 74. The court rendered the exclusion invalid. The court refused, however, to condemn the "owned by or furnished for the regular use of" exclusion in *all* cases, but encouraged courts to consider whether the definitional exclusion would, *under the circumstances,* deprive an insured of the protection required by the UIM statute. *Id.* at 72–74.

Subsequently, in cases with similar facts to the present, our sister courts of appeals have upheld the "owned by or furnished for the regular use of" exclusion as a valid restriction on the insurer's obligation for the payment of UIM benefits. *See State Farm Mut. Ins. Co. v. Conn,* 842 S.W.2d 350 (Tex.App.—Tyler 1992, writ denied); *Texas Farm Bureau Mut. Ins. Co. v. Tatum,* 841 S.W.2d 89 (Tex.App.—Tyler 1992, writ denied); *Rosales v. State Farm Mut. Auto. Ins. Co.,* 835 S.W.2d 804 (Tex.App.—Austin 1992, writ denied); *Scarborough v. Employers Casualty Co,* 820 S.W.2d 32 (Tex.App.—Fort Worth 1991, writ denied).

In *Rosales v. State Farm Mutual Automobile Insurance Co.,* 835 S.W.2d 804, 805 (Tex. App.—Austin 1992, writ denied), and *State Farm Mutual Insurance Co. v. Conn,* 842 S.W.2d 350, 351 (Tex.App.—Tyler 1992, writ denied), the injured passengers, unrelated to the insured-driver, sought to recover UIM benefits from the insured-driver's policy after receiving both liability from the insured-driver's policy and UIM benefits from their own

insurer. The Austin and Tyler courts explained that the insured-driver did not purchase UIM coverage for the purpose of increasing her own policy limits or protecting her passengers from her own negligence. On the contrary, the insured-driver purchased UIM coverage as protection from the negligence of other uninsured/underinsured drivers. *Rosales,* 835 S.W.2d at 806; *Conn,* 842 S.W.2d at 352.

The courts further reasoned that allowing an injured passenger to recover both liability and UIM benefits under the same policy would effectively convert UIM coverage into a second layer of liability insurance, a result not contemplated by the parties to the policy and not calculated in the cost of the policy premium. *Rosales,* 835 S.W.2d at 806; *Conn,* 842 S.W.2d at 352. The Austin court held that applying the exclusion would not frustrate the intent of the legislature to provide protection for conscientious motorists from "financial loss caused by negligent financially irresponsible motorists." *Rosales,* 835 S.W.2d at 806. The Tyler court concluded that invalidating the definitional exclusion would not further the purpose of the UIM statute because the insured-driver was not a "financially irresponsible motorist." *Conn,* 842 S.W.2d at 352.

In *Scarborough v. Employers Casualty Co.,* 820 S.W.2d 32, 34 (Tex.App.—Fort Worth 1991, writ denied), the appellant was injured while a passenger in a car driven by her husband. The appellant and her husband were both insureds under the terms of the automobile policy. The appellant sued her husband for damages and also sued their insurer for UIM benefits. The Fort Worth Court of Appeals relied on the supreme court's statement in *Stracener:*

> By purchasing [UIM] coverage along with basic liability, the insured has expressed an intent not only to protect others from his or her own negligence but also to protect that person's own family and guests from the negligence of others.

*Id.* at 34 (quoting *Stracener,* 777 S.W.2d at 384). The court reasoned that the word

"others" meant strangers to the policy, not the appellant's husband. The court found no ambiguity in the definitional policy term and upheld the validity of the exclusionary language. *Scarborough*, 820 S.W.2d at 34.

In *Texas Farm Bureau Mutual Insurance Co. v. Tatum*, 841 S.W.2d 89, 90 (Tex.App.— Tyler 1992, writ denied), the Tatums's daughter, a named-insured and passenger in her parents' car, was killed in a one-car accident. One of the daughter's friends drove the car with the daughter's permission. The parents sought both liability and UIM benefits under their family policy. *Id.* Following the *Scarborough* rationale, the Tyler court reasoned that the insured vehicle was operated by a person, who was not a stranger to the insured, with the permission of the insured. The court held, therefore, that the definitional exclusion did not frustrate the intent and purpose of the legislature in enacting the UIM statute. *Id.* at 93.

In each of these cases, the standard Texas automobile-insurance policy contained the definitional exclusion at issue. Further, the injured passenger sought to recover both liability and UIM benefits under a single policy. In *Rosales* and *Conn*, the injured passengers sought UIM benefits from the insured-driver's policy after receiving liability payments from the insured and UIM coverage under their own policies. In *Scarborough* and *Tatum*, the claimants were named-insureds under a family policy and sought liability proceeds as well as UIM benefits from their own carrier. In each case, however, the definitional exclusion prohibited the injured occupants from recovering UIM benefits from the same policy which had also paid the claimants liability proceeds.

## B. Parties' Contentions

Farmers urges this Court to adopt the reasoning of those courts of appeals that have considered the validity of the definition-al exclusion under strikingly similar facts. The Griffins urge this Court to re-examine the analysis employed by our sister courts. The Griffins contend that the limited definition, as applied to our facts, operates to exclude UIM coverage to insureds based on the insureds' family relationship to the negligent tortfeasor. The Griffins argue that such a result is contrary to the public policy of Texas.

The Griffins rely on two recent cases which have refused to enforce a family-member exclusion[2] contained in the standard automobile *liability* policy. This Court and the Austin Court of Appeals have held that denying liability coverage for injuries to family members undermines the statutory purpose of compulsory automobile liability coverage. *Segal v. Southern County Mut. Ins. Co.*, 832 S.W.2d 617, 623 (Tex.App.—Dallas 1992, n.w.h.); *National County Mut. Fire Ins. Co. v. Johnson*, 829 S.W.2d 322, 327 (Tex.App.— Austin 1992, *aff'd*, 37 Tex.Sup.Ct.J. 75, 1993 WL 433421) (October 27, 1993) (plurality opinion).

The Safety Responsibility Act requires all motor vehicle operators to carry liability insurance that "shall pay on the behalf of the insured ... *all sums which the insured shall become legally obligated to pay* as damages arising out of the ownership, maintenance, or use of such motor vehicle." TEX.REV.CIV. STAT.ANN. art. 6701h, § 21(b)(2) (Vernon Supp.1993). This Court and the Austin court held that *all sums* which the insured shall become legally obligated to pay included liability payments for intrafamily torts.[3] *Segal*, 832 S.W.2d at 620; *Johnson*, 829 S.W.2d at 325.

Affirming the Austin court, a plurality of the supreme court concluded that the family-member exclusion is not consistent with the legislative purpose of ensuring that every motor vehicle is covered by an automobile liability policy that will protect all claimants

---

2. The exclusion is known as "Endorsement 575" and provides "We do not provide Liability Coverage for you or any family member for bodily injury to you or any family member."

3. *See Jilani v. Jilani*, 767 S.W.2d 671, 673 (Tex. 1988); *Price v. Price*, 732 S.W.2d 316, 319 (Tex. 1987) (permitting intrafamily suits in motor vehicle cases).

against losses which arise out of the operation of the vehicle. *National County Mut. Fire Ins. Co. v. Johnson,* 37 Tex.Sup.Ct.J. 75, 77 (October 27, 1993) (plurality opinion). The plurality reasoned that the family-member exclusion results in a situation in which a claimant for damages resulting from an automobile accident is not allowed to recover damages under an automobile liability insurance policy that the legislature statutorily requires to protect such claimants from losses.[4] *Id.*

The Griffins maintain that the UIM statute is equal in scope and breadth to the liability coverage required by article 6701h. Article 5.06–1 mandates that "the underinsured motorist coverage shall provide for payment to the insured of *all sums which he shall be legally entitled to recover* as damages from owners or operators of underinsured motor vehicles...." Tex.Ins.Code Ann. art. 5.06–1(5) (Vernon 1981) (emphasis added). The Griffins urge this Court to hold that *all sums he is legally entitled to recover* include those sums owing due to the negligence of other family members who own or operate uninsured or underinsured motor vehicles.

The Griffins assert that the Board should not be authorized to limit the definition of an UIM motor vehicle on the basis of family relationships because Texas jurisprudence has abolished intrafamily tort immunity. Farmers contends, however, that the legislature specifically authorized the Board to exclude certain automobiles from the definition of an uninsured/underinsured motor vehicle. Pursuant to this authority, argues Farmers, the Board may apply a definitional exclusion that prevents family members from recovering UIM benefits.

The Griffins argue that the policy considerations regarding family-member exclusions and liability insurance are equally persuasive with respect to UIM coverage. The sole question is whether the definitional exclusion at issue, which can be characterized as a family-member exclusion[5] under the circumstances, undermines the intent and purpose of the UIM statute.

## C. Application of Law to Facts

The Griffins, as victims of the named-insured's negligence and as insureds under the family policy whose damages exceed the amount collected from the tortfeasor's liability coverage, sought UIM benefits for which they had paid a premium. The Griffins's argument may be summarized:

> In cases between the named-insured and other insureds under a family policy, the liability insurance protects the insured from his legal obligation to pay, and the underinsured motorist coverage protects the other insureds' legal entitlement to recover.

The Griffins argue that denying the right to recover both types of benefits (liability and UIM coverage) merely because they are in the same policy is arbitrary, elevating form over substance. In essence, the Griffins ask this Court to distinguish between an injured passenger who claims an entitlement to UIM proceeds under the insured-driver's policy based solely on his status as a guest in the insured-driver's car and an injured passenger who claims UIM benefits as an insured under a family policy who has paid a premium for UIM coverage.

When one is a guest in the insured-driver's car, he may recover liability benefits from the insured-driver as well as UIM coverage under his own policy (if his damages exceed the insured's policy limits). *See Conn,* 842

---

**4.** Justice Cornyn's concurrence and dissent determined the scope of the supreme court's judgment: The family member exclusion is invalid only to the extent it conflicts with the Texas Safety Responsibility Act, Tex.Rev.Civ.Stat.Ann. art. 6701h, § 1(10) (Vernon Supp.1993), that is, to the statutorily imposed minimum limit of automobile liability insurance imposed by the Act.

37 Tex.Sup.Ct.J. 75, 79 n. 1 (Tex. October 27, 1993) (Cornyn, J., concurring and dissenting).

**5.** The definitional exclusion effectively excluded UIM coverage to the Griffins based on their relationship to Mr. Griffin and Mr. Griffin's ownership of the car in which they were passengers.

S.W.2d at 352; *Rosales*, 835 S.W.2d at 806. However, an injured passenger who happens to be related to the negligent owner-driver and covered under the same policy is resigned to only liability coverage, although her damages exceed the policy's liability limits. The Griffins contend that this inequality violates the purpose of the UIM statute, which is designed to guarantee that insureds receive all sums they are legally entitled to recover.

The policy reasons for not allowing an unrelated guest-passenger to recover UIM benefits under the owner-insured's policy are apparent. Allowing a guest-passenger to recover both liability and UIM proceeds from the same insured's policy converts the insured's UIM coverage into a second layer of liability insurance. *See Conn*, 842 S.W.2d at 352; *Rosales*, 835 S.W.2d at 806. The insured purchased UIM coverage, however, to protect himself and his guests from negligent, financially irresponsible drivers in other automobiles. *Stracener*, 777 S.W.2d at 384. Neither the insured nor the insurer contemplated that a guest-passenger could recover both liability and UIM benefits from the insured-driver's policy. Moreover, neither calculated such a result in the cost of UIM coverage. *See Conn*, 842 S.W.2d at 352; *Rosales*, 835 S.W.2d at 806.

Applying the exclusion in the case of an unrelated guest-passenger fulfills the objective of the legislature in enacting the UIM statute and the intent of the insured-driver in purchasing UIM coverage. *See Conn*, 842 S.W.2d at 352; *Rosales*, 835 S.W.2d at 806. We must determine whether the same policy considerations exist such that insureds under a family policy, injured as passengers in a car owned by a family member and covered under the family policy, should be precluded from recovering UIM benefits when their injuries exceed the policy's liability limits.

We cannot acquiesce in the Griffins's request to create a different result when the injured passenger is an insured under the family policy who has paid a premium for UIM coverage. The legislature's stated purpose to "guarantee that insureds receive the UIM benefits which they are legally entitled to recover" does not suggest that UIM coverage should operate as liability insurance between insureds in a family policy.

The legislature expressed its intent not to guarantee a claimant UIM benefits whenever "the available proceeds of the negligent tortfeasor's liability insurance are insufficient to compensate for the injured party's actual damages." The plain language of the UIM statute authorizes the Board to exclude certain automobiles from the definition of uninsured/underinsured motor vehicles, thereby determining when an insured is legally entitled to recover UIM benefits. TEX.INS.CODE ANN. art. 5.06–1(2)(c) (Vernon 1981). The Board's exclusion, under the circumstances, precluded family members from recovering UIM benefits under a family policy although the negligent family member was underinsured. The definitional exclusion, however, did not prevent family members, as opposed to other injured passengers in a negligently operated vehicle, from the intended benefits of the UIM statute.

In a suit between insureds under the same policy, the need to protect UIM coverage from becoming liability insurance remains. In describing the intent of the insured, the supreme court illustrated the very purpose of UIM coverage: to protect one's own family and guests from the negligence of others. *Stracener*, 777 S.W.2d at 384. The insurer is not collecting a premium for statutorily required protection and then avoiding payment with carefully crafted language of limitation. *Cf. Upshaw v. Trinity Cos.*, 842 S.W.2d 631, 635–36 (Tex.1992) (Mauzy, J., dissenting). On the contrary, the language of limitation preserves the function of UIM coverage. Without the definitional exclusion, UIM coverage would automatically become a second layer of liability insurance, protecting family members from each other's negligent driving.

The Griffins's argument ignores the risk allocation performed in determining the cost of premiums owed for UIM coverage. In calculating the cost of UIM coverage, the

insurer did not estimate that, due to the negligence of its insured-driver, it would provide both liability coverage for the negligence of its insured-driver as well UIM benefits to the other insureds under a family policy.

The Griffins urge this Court not to consider whether an insurer pays both liability and UIM benefits, but only to consider whether the insureds collect the benefits for which they have paid a premium. Because two premiums have been paid, argue the Griffins, it would be unjust to deny one benefit, for which the insured has paid, merely because he or she collected the other benefit, for which the insured has also paid. The Griffins, however, neither contracted nor paid for UIM coverage to protect themselves against the negligent operation of the Thunderbird, a covered automobile under their family policy. Invalidating the definitional exclusion allows coverage for the named-insured's misfeasance without the insureds having paid for such protection. *See National County Mut. Fire Ins. Co. v. Johnson,* 37 Tex.Sup.Ct.J. 75, 81 (October 27, 1993) (Enoch, J., dissenting).

■ The Griffins ask this Court to create an exception for injured passengers who are insured under the same policy as the negligent driver because the insureds will not receive UIM benefits even though their injuries exceed the tortfeasor's liability limits. The supreme court, however, invalidated a similar family member exclusion in liability policies only to the extent it conflicts with the Texas Safety Responsibility Act. *National County Mut. Fire Ins. Co. v. Johnson,* 37 Tex.Sup.Ct.J. 75, 79 n. 1 (October 27, 1993) (Cornyn, J., concurring and dissenting). Consequently, the insurer is obligated only to pay injured family members the statutorily imposed minimum limit[6] of automobile liability insurance imposed by the Safety Responsibility Act. The plurality's approach does

not encourage this Court to invalidate the definitional exclusion at issue and thereby award injured family members UIM benefits in addition to the statutorily imposed minimum liability limit.

It is not the function of UIM coverage to operate as liability insurance and protect family members from their own negligence in owning and operating an underinsured automobile. The Board's definitional exclusion, under the circumstances, allows UIM coverage to fulfill its intended purpose: protection against the negligence of other drivers in other motor vehicles. By preserving the purpose of UIM coverage, the definitional exclusion provides insureds greater options. An owner of a vehicle may purchase (1) liability coverage to avoid the possibility of personal liability for his negligent driving; (2) UIM coverage to protect himself and his passengers, related or not, from the negligence of others; and (3) personal injury protection to provide medical payments and income reimbursement, regardless of who is responsible for the automobile accident.

## D. Summary

We see no overriding public policy argument for disregarding the unambiguous automobile insurance provisions that conform with the statutory requirements for uninsured/underinsured motorists coverage. The Griffins received their injuries as passengers in the 1978 Thunderbird, a car that cannot be an uninsured/underinsured motor vehicle as to any passengers injured due to the negligent operation of the vehicle, *regardless whether the injured passenger is also an insured under the same family policy.* We can identify no basis on which to create an exception for insureds under a family policy and grant the Griffins the right to recover UIM proceeds.

The trial court did not properly interpret the public policy embodied in article 5.06–1 of

---

6. Effective January 1, 1986, the statutorily required minimum liability amounts are "Twenty Thousand Dollars ($20,000) because of bodily injury to or death of one person in any one accident, and, subject to said limit for one person, Forty Thousand Dollars ($40,000) because

of bodily injury to or death of two (2) or more persons in any one accident, and Fifteen Thousand Dollars ($15,000) because of injury to or destruction of property of others in any one accident." Tex.Rev.Civ.Stat.Ann. art. 6701h, § 1(10) (Vernon Supp.1993).

**870**

the insurance code. The exclusion for vehicles "owned by" the insured and insured's family from the definition of uninsured/underinsured motor vehicles, as applied to our facts, does not contradict the public policy of Texas or frustrate the spirit and intent of the UIM statute. Because the trial court erred in granting summary judgment in favor of the Griffins and denying summary judgment to Farmers, we sustain points of error one and two.

### ATTORNEY'S FEES

In points of error three and four, Farmers contends that the trial court's award of attorney's fees and guardian ad litem fees was improper. Farmers asserts that the affidavit in support of the Griffins's attorney's fees is conclusory. Assuming, without deciding, the affidavit is conclusory, we conclude that Farmers's complaints are immaterial based on the pleadings and proof submitted at the summary judgment hearing.

In their motions for summary judgment, the Griffins relied on the statutory provisions for attorney's fees when suit is brought on a contract and under the Uniform Declaratory Judgments Act. Inasmuch as we have found the underlying claim for breach of contract invalid, any fee award based on section 38.-001 must fail. See TEX.CIV.PRAC. & REM.CODE ANN. § 38.001 (Vernon 1986) ("*in addition* to the amount of a *valid* claim") (emphasis added); *Hartford Casualty Ins. v. Budget Rent-A-Car*, 796 S.W.2d 763, 770-71 (Tex.App.—Dallas 1990, writ denied). The trial court specifically denied the Griffins's claims for declaratory relief, including any claim for attorney's fees under the Uniform Declaratory Judgments Act. See TEX.CIV.PRAC. & REM. CODE ANN. § 37.009 (Vernon 1986). The Griffins have not asserted a crosspoint complaining of the trial court's denial of their claims for declaratory relief. We reverse the trial court's award of attorney's fees to the Griffins and render a take nothing judgment on the issue of attorney's fees in favor of Farmers.

■ With respect to guardian ad litem fees, Farmers cites no legal authority and presents no argument regarding the propriety of guardian ad litem fees. Although it is our practice to liberally construe the points of error in order to obtain a just, fair, and equitable adjudication of the rights of the litigants, the rules of appellate procedure require an appellant to include a discussion of the facts and the authorities relied upon as may be requisite to maintain the point at issue. See TEX.R.APP.P. 74(f)(2). Points on appeal which are not supported by argument or authority present nothing for review. TEX.R.APP.P. 74(d), (f); *Murrco Agency, Inc. v. Ryan*, 800 S.W.2d 600, 607 (Tex.App.—Dallas 1990, no writ); *National Bonding Agency v. Demeson*, 648 S.W.2d 748, 761 (Tex.App.—Dallas 1983, no writ). Consequently, Farmers waived its complaint about the trial court's assessment of guardian ad litem fees.

■ Farmers also requests this Court to award it, as a prevailing party on the merits, costs and reasonable and necessary attorney's fees. However, Farmers did not, in its pleadings or motions for summary judgment, specifically invoke the attorney's fees provision of the Uniform Declaratory Judgments Act. Additionally, Farmers did not present a point of error attacking the trial court's order denying Farmers's attorney's fees. Consequently, we will not consider or remand Farmers's requests for costs and attorney's fees under the Uniform Declaratory Judgments Act, even though Farmers has now prevailed on the merits. *Hartford Casualty Ins.*, 796 S.W.2d at 771 (citing *Larrumbide v. Doctors Health Facilities*, 734 S.W.2d 685, 687 (Tex.App.—Dallas 1987, writ denied); *Norton v. Martin*, 703 S.W.2d 267, 273 (Tex. App.—San Antonio 1985, writ ref'd n.r.e.)).

Accordingly, we reverse the trial court's order granting summary judgment in favor of the Griffins and render judgment that the Griffins take nothing on their claims for uninsured/underinsured motorists benefits and attorney's fees. We affirm that part of the trial court's judgment adjudging costs against Farmers to the extent of the assessment of guardian ad litem fees.