Amal **CHARIDA**, Appellant,

v.

**ALLSTATE INDEMNITY COMPANY,**
Appellee.

No. 01–07–00278–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

April 17, 2008.

---

Michael C. Engelhart, Engelhart & Greenwood, L.L.P., Houston, TX, for Appellant.

Karl Drews, Cooper, Sprague, Jackson & Boanerges, Houston, TX, for Appellee.

Panel consists of Justices NUCHIA, HANKS, and HIGLEY.

1. In her brief, appellant explained that the surnames of appellant and her father are, in

## OPINION

LAURA CARTER HIGLEY, Justice.

Appellant, Amal Charida, was severely injured while riding in a car owned and driven by her father, Fawzi Chreida,[1] and insured by appellee, Allstate Indemnity Company ("Allstate"). Chreida failed to stop at a red light and caused a collision with another car. After exhausting the available coverage under the liability provision of Chreida's policy, appellant sought to recover under the uninsured/underinsured motorist ("UM/UIM") provision of the policy. When Allstate refused such coverage, appellant sued Allstate for breach of contract and violations of the Texas Insurance Code and the Texas Deceptive Trade Practices Act. In addition, appellant sought a declaratory judgment that she is entitled to the full benefits under the UM/UIM provision. The trial court rendered summary judgment in favor of Allstate.

In her sole issue on appeal, appellant contends that the trial court erred by granting summary judgment in favor of Allstate because the definitional exclusion that Allstate relies upon is unenforceable under the Texas Insurance Code.

We affirm.

## BACKGROUND

On August 17, 2003, appellant was a passenger in Chreida's car when Chreida failed to stop at a red light and collided with another car on Westheimer Road in Houston. It is undisputed that Chreida caused the accident. Appellant's bodily injuries resulted in over $66,000 in medical expenses.

Chreida carried an Allstate automobile insurance policy that provided liability and

fact, spelled differently legally.

UM/UIM coverage. The declared limit of liability coverage in Chreida's policy was $100,000; however, the actual limit was reduced to $20,000 once the family exclusion under the policy was applied. Appellant settled her negligence claim against Chreida for $20,000, then sued to recover "the full amount of the underinsured motorist benefits in the amount of $100,000." [2]

Allstate moved for summary judgment on the grounds that it did not breach its policy of insurance or fail to pay UM/UIM motorist benefits under the policy because Chreida was not an uninsured/underinsured motorist as defined in the policy. Specifically, Allstate pointed to language in the policy stating that an uninsured motor vehicle does not include any vehicle or equipment owned by or furnished to or available for the use of the policy holder. Allstate contended that, because the vehicle in which appellant was injured was owned by Chreida, it "could not have been an uninsured/underinsured vehicle" as defined under the policy.

In her response to the motion for summary judgment, appellant contended that "[t]he [definitional] exclusion, though applicable, is invalid and unenforceable under Texas Insurance Code section 5.06–1 et seq. under the circumstances of this case" because "it contravenes public policy."

On May 26, 2006, the trial court granted summary judgment in favor of Allstate. This appeal ensued.

## Summary Judgment

Appellant contends that the trial court erred by granting summary judgment in favor of Allstate because the definitional exclusion that Allstate relies upon is unenforceable under the Texas Insurance Code. Appellant does not argue that a genuine

issue of material fact exists that would preclude summary judgment in this case. Rather, she contends that the trial court incorrectly applied substantive law and thereby erroneously granted summary judgment.

### A. Standard of Review

The principles governing the review of summary judgments apply in insurance coverage cases. *Hanson v. Republic Ins. Co.*, 5 S.W.3d 324, 327 (Tex.App.-Houston [1st Dist.] 1999, pet. denied). We review a trial court's granting of a traditional summary judgment de novo. *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex.2003). A summary judgment under Rule of Civil Procedure 166a(c) is properly granted only when a movant establishes that there are no genuine issues of material fact and that he is entitled to judgment as a matter of law. Tex.R. Civ. P. 166a(c); *KPMG Peat Marwick v. Harrison County Hous. Fin. Corp.*, 988 S.W.2d 746, 748 (Tex.1999). A defendant moving for summary judgment must either (1) disprove at least one element of the plaintiff's cause of action, or (2) plead and conclusively establish each essential element of an affirmative defense to rebut plaintiff's cause. *Cathey v. Booth*, 900 S.W.2d 339, 341 (Tex.1995). The movant must conclusively establish its right to judgment as a matter of law. *See MMP, Ltd. v. Jones*, 710 S.W.2d 59, 60 (Tex.1986). A matter is conclusively established if reasonable people could not differ as to the conclusion to be drawn from the evidence. *City of Keller v. Wilson*, 168 S.W.3d 802, 816 (Tex.2005).

### B. Applicable Law

██ We construe insurance contracts under the same rules of construction that

---

**2.** On appeal, appellant explains that she is seeking "at least $80,000" of the underin-

sured motorist benefits under the policy.

govern ordinary contracts. *Hanson,* 5 S.W.3d at 328 (citing *Trinity Univ. Ins. Co. v. Cowan,* 945 S.W.2d 819, 823 (Tex. 1997)). When a policy permits only one interpretation, we will construe it has a matter of law and enforce it as written. *Id.* We construe the policy against the insurer and in favor of the insured only when policy terms are ambiguous. *Id.* Here, we do not apply the contra-insurer rule because the parties dispute the effect of a certain policy provision, not its meaning. *See id.*

■ Stated generally, the version of Texas Insurance Code article 5.06(1) applicable at the time of the incident herein provided that no automobile liability insurance covering liability arising out of the ownership, maintenance, or use of any motor vehicle will be issued unless coverage is also provided for uninsured and underinsured motor vehicles.[3] Because the insurance coverage at issue is statutorily mandated, we must interpret policy provisions as written. *See id.*

■ The legislature specifically authorized the State Board of Insurance to exclude certain vehicles from the standard policy definition of an uninsured/underinsured vehicle.[4] However, if a provision conflicts with express statutory requirements or purposes, it is invalid. *See id.* (citing *Mid–Century Ins. Co. v. Kidd,* 997 S.W.2d 265, 271–72 (Tex.1999)).

## C. Analysis

■ The bodily injury liability coverage limit under Chreida's policy is $100,000 per person. However, Chreida's policy contains an endorsement that Allstate "does not provide Liability Coverage for [policy holder: Chreida] ... for bodily injury to ... any family member, except to the extent of the minimum limits of Liability Coverage required by ... [the] Texas Motor Vehicle Safety Responsibility Act." *See Liberty Mut. Fire Ins. Co. v. Sanford,* 879 S.W.2d 9, 10 (Tex.1994) (considering scope of *Nat. County Mut. Ins. Co. v. Johnson,* 879 S.W.2d 1, 5 (Tex.1993), as invalidating family-member exclusion to extent it removes statutory mandatory minimum liability coverage required of motorists in Texas) (referred to herein as *"Sanford/Johnson"*); *Hanson,* 5 S.W.3d at 329. Here, at the time of the collision, the statutory minimum limit of liability coverage required by the Texas Motor Vehicle Safety Responsibility Act was $20,000.[5] Appellant received $20,000 under the liability coverage portion of Chreida's policy.

By her petition, appellant sought to recover "the full amount of the underinsured motorist benefits in the amount of $100,000" in Chreida's policy.[6] Allstate contends that Chreida is not uninsured/underinsured as defined in the policy, and thus appellant cannot recover under the UM/UIM provision.

Under the UM/UIM provision, the policy provides that it "will pay damages

---

3. *See* Act of May 27, 1981, 67th Leg., R.S., ch. 380, § 1, 1981 Tex. Gen. Laws 1002, 1002, *repealed by* Act of May 24, 2005, 79th Leg., R.S., ch. 727, § 18, 2005 Tex. Gen. Laws 1752, 2186–87 (effective April 1, 2007) (current version at Tex. Ins.Code Ann. § 1952.101 (Vernon 2007)) (the "UM/UIM statute"). Because the policy at issue herein was issued or renewed on July 23, 2003, we apply the law in effect at that time. *See id.*

4. *See* Act of June 2, 2003, 78th Leg., R.S., ch. 206, § 21.08, 2003 Tex. Gen. Laws 907, 950–51 (effective June 11, 2003), *repealed by* Act of May 24, 2005, 79th Leg., R.S., ch. 727, § 18, 2005 Tex. Gen. Laws 1752, 2186–87 (current version at Tex. Ins.Code Ann. § 1952.102 (Vernon 2007)).

5. *See* Tex. Transp. Code Ann. § 601.072(a)(1) (Vernon 1999).

6. *See* Note 2.

which a covered person is legally entitled to recover from the owner . . . of an uninsured motor vehicle because of bodily injury sustained by a covered person." However, "the owner's . . . liability for these damages must arise out of the ownership, maintenance, or use of the uninsured motor vehicle." The policy provides that an "uninsured motor vehicle' means a land motor vehicle . . . to which no liability bond or policy applies at the time of the incident." In addition, the policy provides that an " 'uninsured motor vehicle' does not include any vehicle or equipment . . . *[o]wned by or furnished or available for the use of* [policy holder: Chreida] or any family member." (Emphasis added.) Here, the vehicle in which appellant was injured is owned by Chreida and is covered by the Allstate policy at issue herein. Hence, under the plain language of the policy, Chreida's vehicle is not "uninsured." [7]

The policy defines an underinsured motor vehicle as "one to which a . . . policy applies . . . but its limit of liability either . . . is not enough to pay the full amount the covered person is legally entitled to recover as damages; or . . . has been reduced by payment of claims to an amount which is not enough to pay the full amount the covered person is legally entitled to recover as damages."

Appellant contends that Chreida is underinsured because, once the family exclusion and *Sanford/Johnson* are applied to the liability coverage available under Chreida's policy, Chreida's coverage is insufficient to pay the amount she is legally entitled to recover. Appellant contends that whether the "owned by or furnished or available for the use of" definitional

exclusion in the policy applies to UM/UIM coverage requires a case-by-case analysis of whether the exclusion would deprive the insured of the protection required by the uninsured/underinsured statute, citing *Briones v. State Farm Mut. Ins. Co.*, 790 S.W.2d 70, 74 (Tex.App.-San Antonio 1990, writ denied).

In *Briones,* the court considered whether the definitional exclusion was a valid restriction on the insurer's obligation to pay UM/UIM benefits and, on the facts presented therein, concluded that it was not. *Id.* However, a very narrow set of facts was presented in *Briones.* There, Briones was injured while riding in an uninsured vehicle furnished by his employer and driven by an uninsured co-worker. *Id.* at 71. When Briones sought to recover under the UM/UIM clause of his own automobile policy, State Farm refused coverage on the basis of the definitional exclusion because the vehicle in which Briones was injured was "furnished for" his "regular use." *Id.* In refusing to uphold the definitional exclusion, the court reasoned that applying the exclusion on the facts therein totally deprived the insured of the protection required by the UM/UIM statute. *Id.* at 74.

Appellant also relies on this court's opinion in *Hanson* to support her contention that the definitional exclusion should not be applied to the UM/UIM provision in this case because it deprives appellant of the protection required by the UM/UIM statute.

In *Hanson,* a child, Danny Hanson, was riding in the family car, which was driven by his father, and became severely injured in a three-car collision. *Hanson,* 5 S.W.3d

---

**7.** In its motion for summary judgment, Allstate relied solely on the definitional exclusion of an "uninsured" motorist. In her response to the motion for summary judgment, appellant contended that "[t]he [definitional] exclusion, *though applicable,* is invalid and unenforceable." (Emphasis added.) The parties treat the definitional exclusion of an "uninsured" motorist as though it is equally applicable to an "underinsured" motorist.

at 326. Mr. Hanson was ticketed, but, importantly, one of the other drivers, Corson, paid the limits of his liability insurance to the Hansons, which was $25,000. *Id.* Mr. Hanson's insurer, Republic, then deposited the full amount of Hanson's UM/UIM coverage ($100,000) into the registry of the court. *Id.* Republic did not dispute that it owed the $100,000 limit on the policy.

Subsequently, Mrs. Hanson sued Mr. Hanson for negligence, and Danny was ultimately awarded $7 million in damages. *Id.* at 326–27. Republic contended that, because it had already deposited the full amount of Hanson's total coverage limit of $100,000 with the court, it had no further duty to indemnify Mr. Hanson. *Id.*

We held that Republic "had no duty to indemnify Mr. Hanson beyond $20,000 under the liability coverage of the policy," as mandated in *Johnson. Id.* at 329. The issue then was the effect of language in the policy stating that $100,000 was the maximum amount payable under the policy *for all damages resulting from one auto accident, regardless of the number of covered persons, claims made, or vehicles involved in the accident,* and that any payment under the liability provision would reduce the amount available under other provisions accordingly. *Id.* at 329–30. We concluded that the $20,000 paid was a valid offset against the $100,000 maximum available under the policy. *Id.* at 333.

Appellant contends that here, like *Hanson,* she has received $20,000 of a policy with a $100,000 maximum and that, also like *Hanson,* she should be able to recover at least the remaining $80,000 under the UM/UIM provision in her policy.

Important facts, however, distinguish *Hanson* from the instant case. First, the definitional exclusions at issue in the instant case were never raised by the insurer in *Hanson.* Second, *Hanson* involved multiple vehicles and, apparently, more

than one person at fault. There, one of the *other* drivers, Corson, paid the limits of his own liability policy to the Hansons. Corson's coverage was clearly inadequate to cover the level of damages Danny sustained, which appears to have triggered the UIM provision in Hanson's own policy, since, right after Corson's payment, Republic paid the UM/UIM limit into the registry of the court. These events took place a year prior to Mrs. Hanson's suit against Mr. Hanson. Notably also, one of the issues raised in *Hanson,* although we concluded that it had not been preserved, was that the trial court had improperly granted Republic a credit against the UM/UIM benefits for the payment received from Corson. Here, there is nothing in the record presented to suggest that anyone other than Chreida is at fault. *See Kidd,* 997 S.W.2d at 268 (explaining that UM/UIM is fault-based). We acknowledged in *Hanson* that "UM/UIM coverage indemnifies the insured only for those damages proximately caused by the negligence of another driver." *Hanson,* 5 S.W.3d at 328 (citing *Kidd,* 997 S.W.2d at 268–69, 274–76).

As Allstate contends, this and other courts have upheld the definitional exclusion in cases in which family members have sought to recover under both the liability and the UM/UIM provisions of the same policy.

In *Bergensen v. Hartford Ins. Co. of the Midwest,* the appellant was injured while riding in a vehicle driven by her husband. 845 S.W.2d 374, 375 (Tex.App.-Houston [1st Dist.] 1992, writ ref'd). The appellant settled her claim against her husband for the limits under the liability provision of his insurance policy and then sought to recover underinsured motorist benefits under the same policy. *Id.* We determined that the purpose of Article 5.06–1 of the Texas Insurance Code (the UM/UIM stat-

ute) is to protect the insured, his family, and guests from the "negligence of others" and that "negligence of others" refers to negligence of strangers to the policy holder, not to members of the policy holder's family. *Id.* at 376–77.

In *Farmers Tex. County Mut. Ins. Co. v. Griffin,* Cindy Griffin and her minor children suffered injuries when the automobile in which they were riding, which was driven by Griffin's husband, was involved in an accident as a result of Mr. Griffin's negligence. 868 S.W.2d 861, 862 (Tex.App.-Dallas 1993, writ denied). The Griffins carried a family insurance policy through Farmers Insurance that provided liability insurance, personal injury protection, and UM/UIM coverage. *Id.* Farmers paid the maximum amount of bodily-injury coverage "available per person per accident under the liability portion of the policy." *Id.* However, the Griffins' injuries exceeded the amount available, so the Griffins made claims against the same policy for UIM benefits. *Id.* at 862–63. The trial court awarded the Griffins $40,000 under the UIM provision and Farmers appealed. *Id.* at 863.

There, as in the case before us, the insurer had declined coverage because the family-owned vehicle involved was excluded under the definition of an uninsured/underinsured motor vehicle in the policy. *Id.* Also similarly, the insureds had sought a declaration that the definition of an uninsured/underinsured motor vehicle in the policy contravened the purposes of the UM/UIM statute. *Id.* Thus, the issue before the court on appeal was "whether the definitional exclusion at issue, which could be characterized as a family-member exclusion under the circumstances, undermines the intent and purpose of the UIM statute." *Id.* at 867.

On appeal, the court reversed the award of UIM benefits to the Griffins. The court reasoned that a guest in the insured driv-

er's car would recover liability benefits from the insured driver as well as UIM coverage under the guest's own policy (if his damages exceeded the liability limits of the insured driver). *Id.* at 867–68. However, the injured passenger who happens to be related to the driver and covered under the same policy as the driver is resigned to only the liability portion of that policy, *even though her damages exceed the policy's liability limits.* *Id.* at 868.

The court further reasoned that allowing the guest to recover under both the liability and UIM portion of the *same policy* would clearly convert the insured's UIM to a second layer of coverage. *Id.* The insured purchased UIM coverage to protect himself and his guest from negligent, financially irresponsible drivers *in other automobiles.* *Id.* Neither the insurer nor the insured contemplated recovery under both provisions of the policy in the cost of the UIM coverage. *Id.* Disallowing such recovery fulfills the objective of the UIM statute and the intent of the insured driver in purchasing the UIM coverage. *Id.* In a suit between insureds on the same policy, the need to protect UIM coverage from becoming liability insurance remains. *Id.*

Appellant contends that *Griffin* in distinguishable because the Griffins first exhausted the liability limit *as stated in the policy* and then attempted to further recover under the UM/UIM provision of the same policy. We do not see that appellant presents a different scenario in this case.

Under *Sanford/Johnson,* the insurer is obligated to pay insured family members the statutorily imposed minimum limit of liability insurance, and nothing in *Johnson* encourages the invalidation of the definitional exclusion at issue to award injured family members UIM benefits in addition to the statutorily imposed minimum liability limit. *Id.* at 869. Allstate contends, and we agree, that to allow a family mem-

ber to collect underinsured motorist benefits above the statutory minimum liability limits would render the supreme court's holding in *Johnson* meaningless. According to Allstate, "any family member whose recovery under the liability provisions of a policy was limited to the statutory minimum by the family member exclusion could simply turn to the underinsured motorist portion of the same policy to collect the balance."

The purpose of UM/UIM coverage is to protect against the negligence of strangers to the policy, not family members. *See Bergensen,* 845 S.W.2d at 376; *see also In re Texas Ass'n of Sch. Bds.,* 169 S.W.3d 653, 660 (Tex.2005) (explaining that "UM/UIM coverage indemnifies insureds against only those damages proximately caused by *the other* driver's negligence" (emphasis added)); *Rosales v. State Farm Mut. Auto. Ins. Co.,* 835 S.W.2d 804, 806 (Tex.App.-Austin 1992, writ denied). We cannot conclude that the trial court erred by upholding the definitional exclusion in this case. We hold that summary judgment was properly granted in favor of Allstate.

Appellant's sole issue is overruled.

### Conclusion

We affirm the judgment of the trial court.