

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-14-00239-CV

Andrew **MATA** and Oscar Mata,
Appellants

v.

**STATE FARM MUTUAL INSURANCE COMPANY**,
Appellee

From the 407th Judicial District Court, Bexar County, Texas
Trial Court No. 2014-CI-03572
Honorable Solomon Casseb, III, Judge Presiding

Opinion by:    Rebeca C. Martinez, Justice

Sitting:    Catherine Stone, Chief Justice
Rebeca C. Martinez, Justice
Luz Elena D. Chapa, Justice

Delivered and Filed:  November 19, 2014

AFFIRMED

In the underlying cause, Andrew Mata and Oscar Mata sued State Farm Mutual Insurance Company after it denied their claim for underinsured motorist benefits.  State Farm moved for summary judgment asserting the Matas were not entitled to underinsured motorist coverage based on a definitional exclusion contained in the insurance policy.  The trial court granted State Farm's motion, and the Matas appeal.  We affirm the trial court's judgment.

## BACKGROUND

Melody Cavazos was driving her father's vehicle when she was involved in an automobile accident. The vehicle was regularly used either by Cavazos or her father. The Matas were passengers in Cavazos's vehicle which was insured by State Farm. The Matas and others first made liability claims against the policy, and State Farm paid out the policy limits on the liability claims. The Matas then made a claim for underinsured motorist benefits.

Part C of the insurance policy entitled Uninsured/Underinsured Motorists Coverage states:

> We will pay damages which a *covered person* is legally entitled to recover from the owner or operator of an *uninsured motor vehicle* because of bodily injury sustained by a *covered person*, or *property damage*, caused by an accident.

The policy contains four definitions of the term "uninsured motor vehicle." The fourth definition defines an "uninsured motor vehicle" as including an underinsured motor vehicle, which is a vehicle covered by a liability policy where the limits of liability are not enough to pay the full amount the covered person is legally entitled to recover as damages. The Matas were covered persons and alleged that they were legally entitled to recover more in damages than the liability benefits State Farm paid to them. The policy also, however, contains a definitional exclusion which states, an "uninsured motor vehicle" does not include any vehicle "owed by or furnished or available for the regular use of [the insured] or any family member." As previously noted, the vehicle in which the Matas were passengers was furnished for the regular use of Cavazos by her father, who was the insured under the policy.

## STANDARD OF REVIEW

We review a summary judgment *de novo*. *Provident Life & Acc. Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). We consider all the evidence in the light most favorable to the respondent, indulging all reasonable inferences in favor of the respondent, and determine whether

the movant proved that there were no genuine issues of material fact and that it was entitled to judgment as a matter of law. *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548-49 (Tex. 1985).

"We interpret insurance policies in Texas according to the rules of contract construction." *American Mfrs. Mut. Ins. Co. v. Schaefer*, 124 S.W.3d 154, 157 (Tex. 2003). "If policy language is worded so that it can be given a definite or certain legal meaning, it is not ambiguous and we construe it as a matter of law." *Id*. "When construing the policy's language, we must give effect to all contractual provisions so that none will be rendered meaningless." *Id*.

## DISCUSSION

In their brief, the Matas assert, "The trial court granted judgment as a matter of law by ignoring the fourth definition [of uninsured motor vehicle], which covers the facts in this case." Interestingly, despite State Farm focusing on the definitional exclusion in its summary judgment motion, the Matas never reference this exclusion in their brief or provide any basis on which the exclusion should not apply to the facts in this case.

"Texas law is well settled that the [definitional exclusion] at issue in this case unambiguously excludes vehicles owned by or furnished for the regular use of an insured or family member from the definition of uninsured motor vehicle and that such a limitation of coverage does not contravene public policy." *Hunter v. State Farm County Mut. Ins. Co. of Tex.*, No. 2-07-463-CV, 2008 WL 5265189, at *3 (Tex. App.—Fort Worth Dec. 18, 2008, no pet.) (mem. op.); *see also Charida v. Allstate Indem. Co.*, 259 S.W.3d 870, 873-77 (Tex. App.—Houston [1st Dist.] 2008, no pet.) (applying same definitional exclusion); *Farmers Tex. Cnty. Mut. Ins. Co. v. Griffin*, 868 S.W.2d 861, 865-66 (Tex. App.—Dallas 1993, writ denied) (same); *Bergensen v. Hartford Ins. Co. of the Midwest*, 845 S.W.2d 374, 376-77 (Tex. App.—Houston [1st Dist.] 1992, writ ref'd) (same); *Rosales v. State Farm Mut. Auto Ins. Co.*, 835 S.W.2d 804, 805 (Tex. App.—Austin 1992, writ denied) (same); *Scarborough v. Employers Cas. Co.*, 820 S.W.2d 32, 34 (Tex. App.—Fort

Worth 1991, writ denied) (same). In its motion, State Farm cited both the *Rosales* and the *Charida* opinions as legal authority supporting the application of the definitional exclusion; however, the Matas do not discuss either case in their brief or explain why this well-settled law is inapplicable to their case.

In *Rosales*, George Rosales and Ester Rivera were passengers in a vehicle owned and driven by Sharon Barrett when Barrett collided with another vehicle. 835 S.W.2d at 804-05. Barrett's vehicle was insured by State Farm Mutual Automobile Insurance, and Rosales and Rivera were each paid the maximum amount of liability insurance benefits under the policy. *Id*. at 805. When Rosales and Rivera sued to recover underinsured motorist benefits, the trial court granted summary judgment on the basis that State Farm had no obligation to pay underinsured motorist benefits because Barrett's vehicle was not an underinsured vehicle according to the policy's terms. *Id*. The policy specified that "uninsured/underinsured vehicles do not include vehicles owned by or furnished or available for the regular use of the named insured." *Id.* On appeal, Rosales and Rivera argued that State Farm incorrectly applied this exclusion in Barrett's policy to deny them underinsured motorist benefits. *Id*. The Austin court of appeals disagreed, concluding "the policy's unambiguous language supports State Farm's coverage position." *Id*. If we substitute the Matas for Rosales and Rivera and Cavazos for Barrett, the facts in *Rosales* are virtually identical to the facts in this case.[1]

---

[1] We note that this court refused to apply the definitional exclusion for public policy reasons under the facts presented in *Briones v. State Farm Mut. Auto. Ins. Co.*, 790 S.W.2d 70, 73-74 (Tex. App.—San Antonio 1990, writ denied). The Matas do not, however, make any public policy argument for not applying the definitional exclusion to the facts in this case, and we note that the Austin court rejected a public policy argument made in *Rosales*. 835 S.W.2d at 805-06.

**CONCLUSION**

Based on well-settled Texas law, the trial court did not err in granting summary judgment in favor of State Farm because Cavazos's vehicle was not an uninsured motor vehicle; therefore, the Matas were not entitled to receive any underinsured motorist benefits. The trial court's judgment is affirmed.

Rebeca C. Martinez, Justice