NO. 12-02-00192-CR



IN THE COURT OF APPEALS



TWELFTH COURT OF APPEALS DISTRICT


 

TYLER, TEXAS


 


DONNY RAY BYRNES, JR.,
§
 APPEAL FROM THE 188TH

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 GREGG COUNTY, TEXAS






MEMORANDUM OPINION
 

 Appellant Donny R. Byrnes, Jr. pleaded guilty to the offense of involuntary manslaughter.
The trial court assessed punishment at imprisonment for ten years, probated. Upon the timely
motion of the State, the trial court revoked Appellant's probation and sentenced him to six years
incarceration in the Texas Department of Criminal Justice - Institutional Division. In his sole issue,
Appellant complains that the trial court abused its discretion when it revoked his probation. We
affirm. 


Probation Revocation

 In a motion to revoke probation, the decision whether to revoke rests within the discretion
of the trial court. Barnett v. State, 615 S.W.2d 220, 222 (Tex. Crim. App. 1981). Even so, this
discretion is not absolute. Scamardo v. State, 517 S.W.2d 293, 297 (Tex. Crim. App. 1974). The
trial court is not authorized to revoke probation without a showing that the probationer has violated
a condition of the probation imposed by the court. DeGay v. State, 741 S.W.2d 445, 449 (Tex. Crim.
App. 1987). The burden of proof in a probation revocation hearing is by a preponderance of the
evidence. Cobb v. State, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993). An appellant's judicial
admission of the violation of the terms of his probation is sufficient evidence to support the
revocation of probation. Bush v. State, 506 S.W.2d 603, 605 (Tex. Crim. App. 1974). Violation
of a single condition of probation is sufficient to support revocation. Sanchez v. State, 603 S.W.2d
869, 871 (Tex. Crim. App. 1980). And when a motion alleges several violations of probation, the
court's order revoking probation will be affirmed if the proof on any one of the allegations is
sufficient. Moore v. State, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980). 

Policy Argument

 Appellant's primary argument on appeal is that the court abused its discretion by failing to
consider mitigating circumstances in refusing to maintain Appellant's probation. In his brief, he
states the following:


 By ordering a term of incarceration the court created a negative economic equation. First the victim
now has lost their [sic] restitution. Next the taxpayers have incurred an annual expense of $25,000
to $35,000 to incarcerate the individual. In addition the Appellant is using a limited resource since
our prisons are close to capacity. Finally more likely than not his family will require governmental
assistance during his period of incarceration. As such in measuring the quantity and quality of the
violation of probation against the result rendered by the court, the Appellant submits the court abused
it's [sic] discretion.


Appellant's unique economy vs. incarceration policy argument is supported neither by legal
authority, nor by citations to show where the above-described "facts" are present in the record. The
rules of appellate procedure require a party to include a discussion of the facts and the authorities
relied upon as may be requisite to maintain the point at issue. See Tex. R. App. P. 38.1(h). Points
on appeal which are not supported by argument or authority present nothing for review. Farmers
Tex. County Mut. Ins. Co. v. Griffin, 868 S.W.2d 861, 870 (Tex. App.- Dallas 1993, writ denied).

Sufficiency of the Evidence

 The State's motion to revoke probation alleged that Appellant had violated the following
condition of his probation: "Commit no offense against the laws of Texas, any other State, or the
United States." It also alleged that Appellant had not reported to his probation officer as required,
had not paid restitution, and had not abstained from drinking alcohol. At the revocation hearing,
Appellant testified that when he was living in Louisiana, he became involved in an altercation with
a driver on a Louisiana highway. His wife and child were in the car with him when he collided twice
with the other driver's vehicle. The occurrence in question was observed by a Louisiana police
officer, who arrested Appellant at the scene. Appellant was subsequently charged with DUI, child
endangerment, and criminal damage to property. The DUI and child endangerment charges were
dropped, but Appellant admitted that he pleaded guilty to the offense of criminal damage to property. 
This judicial admission is factually sufficient to support the trial court's discretionary order revoking
Appellant's probation. 

 Accordingly, because there is sufficient evidence to support the revocation, and because
Appellant fails to argue or support any other cognizable theory for reversing the revocation, we
overrule Appellant's sole issue. 

 We affirm the judgment of the trial court. 

 JAMES T. WORTHEN 

 Chief Justice



Opinion delivered March 12, 2003.

Panel consisted of Worthen, C.J. and Griffith, J.















(DO NOT PUBLISH)