**Opinion issued February 3, 2015**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-13-00091-CV

————————————

**TESCO CORPORATION (US), Appellant**

**V.**

**STEADFAST INSURANCE COMPANY, Appellee**

---

**On Appeal from the 127th District Court**
**Harris County, Texas**
**Trial Court Case No. 2012-36774**

---

### MEMORANDUM OPINION ON REHEARING

Appellee, Steadfast Insurance Company ("Steadfast"), has filed a motion for

rehearing of our August 28, 2014 opinion and judgment. We grant the motion for

rehearing, withdraw our opinion and judgment of August 28, 2014, and issue this opinion and a new judgment in their stead.

Appellant, Tesco Corporation (US) ("Tesco"), challenges the trial court's rendition of summary judgment in favor of Steadfast in Tesco's declaratory-judgment action[1] against Steadfast. In three issues, Tesco contends that the trial court erred in denying it summary judgment and granting Steadfast summary judgment.

We vacate the judgment of the trial court and dismiss the case for lack of jurisdiction.

**Background**

In the underlying lawsuit,[2] Von Phathong[3] sued Tesco in a United States District Court in Colorado for negligence after he sustained personal injuries while working on a Tesco drilling rig in Rifle, Colorado. Tesco was insured under general commercial liability and commercial umbrella (excess) liability policies (collectively, the "Policies") issued by Steadfast, and Steadfast provided Tesco with a defense in the underlying lawsuit. After a jury awarded Phathong $1,500,000 in punitive damages against Tesco, Steadfast notified Tesco by letter

---

[1]     *See* TEX. CIV. PRAC. & REM. CODE ANN. § 37.001–.011 (Vernon 2008 & Supp. 2013).

[2]     Styled *Von J. Phathong and Jennifer D. Phathong v. Tesco Corp. (US)*, No. 10-CV-00780-MSK-MJW, 2012 WL 5187751, at *1 (D. Colo. Oct. 9, 2012).

[3]     Phathong is not a party to this appeal.

2

that the Policies did not afford coverage for the punitive damages award because Colorado law "does not allow," as a matter of public policy, "punitive damages to be afforded coverage under a policy of insurance."

Subsequently, Tesco filed the instant lawsuit, seeking a judgment declaring that Texas law governs the scope of the Policies and Steadfast is "obligated" thereunder "to pay for any punitive damages awarded against [Tesco]" in the underlying lawsuit. Tesco then filed a motion for partial summary judgment, asserting that Texas law applies to the construction of the Policies and to the issue of whether punitive damages are covered by the Policies; the punitive damages awarded against it are covered by liability policies; and Steadfast waived its right to assert non-coverage by failing to timely issue a reservation of rights. In its cross-motion for summary judgment and response to Tesco's motion, Steadfast argued that it is entitled to judgment as a matter of law because Colorado law applies and prohibits insurance for punitive damages in this case. It further argued that it "cannot waive or be estopped from the application of Colorado public policy."

After a hearing, the trial court granted Steadfast's cross-motion for summary judgment and denied Tesco's motion for partial summary judgment. It entered a judgment, declaring that "Colorado law applies in this case and that no coverage is available for the punitive damage award assessed against [Tesco]." And it ordered

that Tesco "take nothing on its claims against [Steadfast] and that all [Tesco's] claims against [Steadfast] are hereby dismissed."

On August 28, 2014, we issued an opinion and judgment reversing the trial court's judgment and remanding for further proceedings.

## Mootness

In its "Motion for Rehearing and Motion to Vacate [this Court's] Opinion and Judgment," Steadfast argues that this case is now moot "[d]ue to recent rulings by the Tenth Circuit and the United States District Court of Colorado." It asserts that this Court "no longer has jurisdiction over this case, and did not have jurisdiction when its opinion was issued."

On May 6, 2014, the United States Court of Appeals for the Tenth Circuit held that the United States District Court erred in granting judgment in the underlying case in Phathong's favor, and it remanded the case to the district court to vacate the jury's verdict and enter judgment for Tesco. On June 19, 2014, the district court, in compliance with the Tenth Circuit's mandate, vacated the jury's punitive damages award to Phathong and entered judgment in favor of Tesco. Further, on July 25, 2014, Tesco and Phathong entered into a "Stipulation" in which Tesco agreed to forego its efforts to collect the costs taxed against Phathong and Phathong agreed to forego filing any further requests for relief, including writs, petitions, motions, or appeals, thereby ending the litigation in the underlying

4

case. Neither party to the appeal notified this Court of these developments until Steadfast filed its motion for rehearing on September 12, 2014.

Steadfast asserts that when the district court granted judgment in favor of Tesco, "the punitive damage award ceased to exist and all potential avenues for reversing that judgment were shut off by the stipulation on July 25, 2014." Thus, the issue presented in this appeal, and in the trial court below, i.e., whether insurance coverage is available for the punitive damages awarded against Tesco in the underlying suit, is now moot. And Steadfast argues that because the issue was moot at the time that this Court issued our August 28, 2014 opinion, this Court was without subject-matter jurisdiction to issue our opinion, and our opinion is advisory.

The mootness doctrine implicates subject-matter jurisdiction. *Trulock v. City of Duncanville*, 277 S.W.3d 920, 923 (Tex. App.—Dallas 2009, no pet.). An appellate court is prohibited from deciding a moot controversy or rendering an advisory opinion. *See Nat'l Collegiate Athletic Ass'n v. Jones*, 1 S.W.3d 83, 86 (Tex. 1999); *City of Farmers Branch v. Ramos*, 235 S.W.3d 462, 469 (Tex. App.— Dallas 2007, no pet.) (noting court may only decide issues presenting "a live controversy at the time of the decision"). If a controversy ceases to exist or the parties lack a legally cognizable interest in the outcome at any stage, the case becomes moot. *Allstate Ins. Co. v. Hallman*, 159 S.W.3d 640, 642 (Tex. 2005);

*William v. Lara*, 52 S.W.3d 171, 184 (Tex. 2001) (noting "a controversy must exist between the parties at every stage of the legal proceedings, including the appeal"). A declaratory-judgment action does not give a court jurisdiction "to pass upon hypothetical or contingent situations, or to determine questions not then essential to the decision of an actual controversy, although such questions may in the future require adjudication." *Bexar Metro. Water Dist. v. City of Bulverde*, 234 S.W.3d 126, 130–31 (Tex. App.—Austin 2007, no pet.).

In *Freedom Communications, Inc. v. Coronado*, the defendant filed a petition for review in the Texas Supreme Court and appended to its brief a copy of an agreement filed in a United States District Court in another case. 372 S.W.3d 621, 623 (Tex. 2012). The agreement showed that the Texas trial court judge had pleaded guilty to federal racketeering charges and admitted that he had accepted cash for making rulings favorable to the plaintiffs, including denying the defendant's summary-judgment motion in the case before the supreme court. *Id.* After determining that the trial court judge was disqualified and his summary-judgment ruling was void, the supreme court held that the court of appeals lacked jurisdiction over the appeal from that ruling. *Id.* at 624. And because the case became moot before the appellate court's opinion had issued, the supreme court vacated the court of appeals' judgment and opinion. *Id.* (citing *Valley Baptist Med.*

*Ctr. v. Gonzalez*, 33 S.W.3d 821, 822 (Tex. 2000) (vacating judgment and opinion of court of appeals as advisory because case became moot before opinion issued)).

Here, Steadfast has provided proof to this Court of the federal district court's order and the parties' Stipulation, and it has requested that this Court take judicial notice of the facts therein, which are relevant to this Court's jurisdiction over the appeal. *See id.* at 623; *see also* TEX. R. EVID. 201 (noting court may take judicial notice at any stage of proceedings). The only issue in the appeal was whether Steadfast was required to provide coverage for the punitive damages awarded against Tesco. Because the federal district court's June 19, 2014 judgment vacating the jury's punitive damages award rendered moot the issue of coverage for those punitive damages, a controversy ceased to exist thereafter and this Court lacked jurisdiction to issue its August 28, 2014 opinion and judgment. *See Coronado*, 372 S.W.3d at 623–24.

Tesco argues that we "should preserve the opinion and judgment and deny Steadfast's Motion" because there exists "a live controversy on the issue of the award of attorney's fees [for Tesco] in the declaratory action, which still must be decided on remand."

"A case is not rendered moot simply because some of the issues become moot during the appellate process." *In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 737 (Tex. 2005). To support its position, Tesco relies on *Hallman*, in which

7

the Texas Supreme Court reaffirmed that a dispute over attorneys' fees in a declaratory-judgment action remains a "live controversy," even if the substance of the case becomes moot during its pendency. 159 S.W.3d at 642. There, Hallman had been sued for property damage, and her liability insurer, Allstate, provided her with a defense under a reservation of rights. *Id.* at 641. However, Allstate commenced a declaratory-judgment action against Hallman, contesting coverage of the property-damage claim. *Id*. The trial court granted summary judgment for Allstate and denied both parties their attorneys' fees. *Id.* at 642. The Dallas Court of Appeals reversed, holding that the claim was covered, and it remanded the attorney's fees issue to the trial court. *Id*. During oral argument in the Texas Supreme Court, the parties announced that the underlying property-damage case had concluded with a jury verdict in Hallman's favor and Allstate had disclaimed any intention of seeking to recoup from Hallman its costs of defending the underlying case. *Id*. Regardless, both parties argued that a justiciable controversy remained because Hallman had continued to seek attorney's fees. *Id.* The supreme court held that Hallman's continuing claim for attorney's fees kept the case from becoming moot. *Id*. at 643 ("Hallman's remaining interest in obtaining attorney's fees 'breathes life' into this appeal and prevents it from being moot."). Accordingly, the court proceeded to decide the merits of the coverage question because of the "live" issue of attorney's fees. *Id*. at 643–45.

8

In further support of its argument, Tesco relies on *Williamson Consolidated I, Ltd. v. TIC Ins. Co.*, 230 S.W.3d 895 (Tex. App.—Houston [14th Dist.] 2007, no pet.). In *Williamson*, the Fourteenth Court of Appeals held that the duty-to-defend issue before it was not moot because the insured was "appealing the trial court's denial of its request for Chapter 37 attorney's fees." *Id.* at 901.

Here, although Tesco, in its petition, requested attorney's fees in connection with its declaratory-judgment action, it did not request attorney's fees in its motion for partial summary-judgment, the trial court's summary judgment in the declaratory-judgment action does not mention attorney's fees, and Tesco did not appeal any denial of attorney's fees to this Court. In its brief on appeal, Tesco asserted that it

> moved for partial summary judgment *leaving aside, for the time being, the issue of an award of attorney[']s fees under the Declaratory Judgment Act*. Upon reversal of the judgment in favor of Steadfast, and the granting of judgment in favor of Tesco, it will be necessary to remand this case to the Trial Court for a determination of the amount of attorney[']s fees to be awarded Tesco for the prosecution of this declaratory action.

(Emphasis added.) Thus, there is not a live issue as to attorney's fees in this case. *See Farmers Tex. Cnty. Mut. Ins. Co. v. Griffin*, 868 S.W.2d 861, 870 (Tex. App.—Dallas 1993, writ denied) (declining to consider or remand request for attorney's fees in declaratory-judgment action because defendant "did not present a

9

point of error attacking the trial court's order denying . . . attorney's fees"). Rather, Tesco seeks to initiate an issue of attorney's fees on remand.

Accordingly, we hold that this case has become moot. *See Heckman v. Williamson Cnty.*, 369 S.W.3d 137, 162 (Tex. 2012) ("If a case is or becomes moot, the court must vacate any order or judgment previously issued and dismiss the case for want of jurisdiction."); *Speer v. Presbyterian Children's Home & Serv. Agency*, 847 S.W.2d 227, 228 (Tex. 1993) (vacating judgment of court of appeals and trial court, and dismissing case as moot).

## Conclusion

We vacate the judgment of the trial court and dismiss this case for want of jurisdiction.

Terry Jennings
Justice

Panel consists of Justices Jennings and Higley.[4]

---

[4] The Honorable Jim Sharp, former Justice of this Court, was a member of the Panel and present for argument when this case was submitted. Because his term expired on December 31, 2014, he did not participate in the decision of the case. *See* TEX. R. APP. P. 41.1(b).