ACCEPTED
01-13-00091-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
2/18/2015 1:13:42 PM
CHRISTOPHER PRINE
CLERK

NO. 01-13-00091-CV

IN THE
FIRST COURT OF APPEALS
AT HOUSTON, TEXAS

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS

2/18/2015 1:13:42 PM

CHRISTOPHER A. PRINE
Clerk

TESCO CORPORATION (US)
Appellant

V.

STEADFAST INSURANCE COMPANY
Appellee

APPEALED FROM THE 127th JUDICIAL DISTRICT COURT
HARRIS COUNTY, TEXAS

## TESCO CORPORATION (US)'S MOTION FOR REHEARING

TO THE HONORABLE FIRST COURT OF APPEALS:

COMES NOW, Appellant TESCO CORPORATION (US) ("Tesco"), and files this, its Motion for Rehearing and in support thereof, Tesco would respectfully show unto the Court as follows:

### ARGUMENT AND AUTHORITIES

This case originates from cross motions for summary judgment filed in the Trial Court on whether a general liability policy of insurance issued by Steadfast

4829-5812-0226.v1

Insurance Company ("Steadfast") covered the punitive damage portion of a judgment entered against Tesco in a Colorado personal injury lawsuit.

Originally, this Court entered an opinion in this declaratory action holding that the Trial Court erred in granting summary judgment in favor of Steadfast Insurance Company ("Steadfast") and against Tesco and remanded this case back to the Trial Court for further consideration. Subsequently, Steadfast filed a motion for rehearing asserting that, given the resolution of the underlying personal injury lawsuit prior to the entry of this Court's opinion in favor of Tesco, this appeal was moot and that the Court of Appeals lacked jurisdiction to render its original opinion.

Tesco responded to Steadfast's motion by pointing out to the Court that Tesco had requested attorney's fees at the trial court and that Tesco had asserted throughout this appeal that, in the event Tesco was successful, the case must be remanded to the Trial Court for a determination of an award of attorney's fees. Tesco's response also addressed two additional points: (1) Steadfast's mootness argument by arguing that this case falls under the collateral consequences exception to the mootness doctrine; and (2) that, in the event this Court vacates its opinion, then it must also enter an order that vacates the Trial Court opinion and judgment.

4829-5812-0226.v1

This Court issued its Opinion on February 3, 2015 addressing only Steadfast's mootness argument and Tesco's first point under Section A of its response—that the appeal is not moot and that the dispute concerning attorney's fees was preserved as a live controversy. In doing so, this Court relied on *Farmers Tex. Cnty. Mut. Ins. Co. v. Griffin*, 868 S.W.2d 861, 870 (Tex. App.—Dallas 1993, writ denied) in arriving at the conclusion that there is not a live issue of attorney's fees keeping this case "alive." For the following reasons, there still remains a case or controversy between Tesco and Steadfast, and *Griffin* is factually distinguishable, and this Court did not address Tesco's two remaining points in opposing Steadfast's mootness argument.

## A. *Griffin* is Factually Distinguishable And Steadfast Never Objected To Attorney's Fees At the Trial Court or On Appeal

*Griffin* is clearly distinguishable. First, in *Griffin*, Farmers requested that the Court award it, as a prevailing party following reversal of the trial court's declaratory judgment in favor of Griffin, costs and attorneys' fees. *Griffin*, 868 S.W.2d at 870. The appellate court found that Farmers had not raised the attorneys' fees issue in its pleadings or motions for summary judgment invoking the attorneys' fees provision under Chapter 37 of the Texas Civil Practice and Remedies Code. *Id.* Additionally, Farmers had not presented a point of error attacking the trial court's order denying Farmer's demand attorneys' fees. *Id.*

3

Here, Tesco filed suit seeking judicial declaration on whether Steadfast had a duty under the relevant policies to pay the punitive damages award in the Phathong Lawsuit.[1] Tesco also sought the recovery of reasonable attorneys' fees and costs pursuant to Section 37.009 as are equitable and just. Tesco's partial summary judgment addressed only the issues that Texas law applied to the policies, that under Texas law, punitive damages are covered unless excluded, that Steadfast waive its right to assert non-coverage of the punitive damages and Steadfast is estopped from asserting non-coverage given its failure to issue a reservation of rights letter on that point until after the Phathong Verdict was entered. Tesco's motion left for later determination the issue of attorneys' fees under Section 37.009.

Unlike in *Griffin*, Tesco did raise in its pleading the issue of attorneys' fees pursuant to Section 37.009. Further, unlike in *Griffin*, the issue of attorneys' fees was not before the Trial Court in Tesco's motion for partial summary judgment. The fact that Tesco did not raise the issue of attorneys' fees in its motion for partial summary judgment does not mean that the issue is not "live" or that Tesco is initiating the issue for the first time on remand.

When the declaratory relief has been determined by summary judgment, the issue of whether attorney's fees are reasonable and necessary is a question of fact for the jury to determine when the jury is the trier of fact. *City of Garland v. Dallas Morning News*, 22 S.W.3d 351, 367 (Tex. 2000). Tesco's claim for attorney's fees under Section 37.009

---

[1] *Von J. Phatong et ux v. Tesco Corporation (US)*, Case No. 10-CV-00780-MSK-MJW, in the United States District Court of Colorado.

4

remains pending despite the fact that substantive declaratory relief may have purportedly become moot during the pendency of this appeal. *Hansen v. JP Morgan Chase Bank, N.A.,* 346 S.W.3d 769, 774-75 (Tex. App.—Dallas 2011, no pet.) ("[A] case under the Declaratory Judgments Act remains a live controversy, even if all requests for substantive declaratory relief become moot during the action's pendency, as long as a claim for attorney's fees under the Act remains pending.") As noted in Tesco's Motion for Partial Summary Judgment, the determination of attorneys' fees was specifically left to be addressed by the Trial Court following the Appellate Court's reversal of the judgment in favor of Steadfast and the granting of judgment in favor of Tesco.

Additionally, Steadfast, in its opposition to Tesco's Motion for Partial Summary Judgment and Cross-Motion for Summary Judgment, did not address the attorneys' fees issue. Since attorney's fees under Section 37.009 are not limited to a "prevailing party," Steadfast had the opportunity to object in its dispositive motion at the Trial Court level to any award of attorneys' fees in favor of Tesco. Steadfast did not do so, nor did it move for such fees in its favor. Although the Trial Court granted Steadfast's Cross-Motion for Summary Judgment, the issue of attorneys' fees in favor of Tesco pursuant to Section 37.009 remained alive because the statute does not require a finding that a party prevailed in the action. *Bocquet v. Herring,* 972 S.W.2d 19, 20 (Tex. 1998); *See* TEX. CIV. PRAC. & REM. CODE 37.009.

Moreover, having failed to obtain a ruling on attorney's fees—in favor of Steadfast and/or objecting to such award in favor of Tesco—Steadfast had not preserved

5

an objection to attorney's fees pursuant to Rule 33.1 of the Texas Rules of Appellate Procedure. TEX. R. APP. P. 33.1(a). "As a general rule, a complaint is preserved for appellate review only if the record establishes the complaint was made known to the trial court in a timely manner and the trial court ruled on the complaint." *Franco v. Slavonic Mut. Fire Ins. Ass'n*, 154 S.W.3d 777, 784 (Tex. App.—Houston [14th Dist.] 2004, no pet.) (*citing* TEX. R. APP. P. 33.1(a)); *see also Travis v. City of Mesquite*, 830 S.W.2d 94, 100 (Tex. 1992) ("In an appeal from a summary judgment, issues to be reviewed by the appellate court must have been actually presented to and considered by the trial court."). Steadfast failed to meet its obligation in this regard and has failed to preserve for appeal any complaints it may have regarding Tesco's ultimate award of attorneys' fees under Section 37.009.

Thus, the conduct of the parties affirmatively indicates that there remains for determination by the fact finder the amount of reasonable and necessary attorneys' fees to award pursuant to Section 37.009. The issue remains alive and is unaffected by an Order Vacating the Trial Court's Opinion and Judgment or the withdrawal of this Court's Opinion and Judgment in this matter.

**B.     The Appeal is Not Moot Based on the Collateral Consequences Exception to the Mootness Doctrine.**

As an alternative basis for its argument that the case is not moot, Tesco analyzed in its response the application of the collateral consequences exception. The issue was not addressed by this Court in its February 3, 2015 Memorandum on Rehearing.

6

The collateral consequences exception is invoked when vacating the underlying judgment will not cure the adverse consequences suffered by the party seeking to appeal that judgment. *Marshall v. Hous. Auth. of City of San Antonio*, 198 S.W.3d 782, 789 (Tex. 2006). The circumstances which exist for the exception to apply are (1) the concrete disadvantages have in fact occurred, are imminently threatened to occur, or are imposed as a matter of law; and (2) the concrete disadvantages will persist even after the judgment is vacated. *Id.* (*citing Gen. Land Office v. OXY U.S.A., Inc.*, 789 S.W.2d 569, 571 (Tex. 1990)) (noting the collateral consequences exception is invoked only when prejudicial events have occurred whose effects will continue to stigmatize after dismissal of the case as moot).

Steadfast's attempt to vacate an opinion by a settlement and stipulation after the matter had been on appeal for over seventeen (17) months would have multiple adverse consequences and practical effects to Tesco including: (1) Tesco would lose its right to recover attorney's fees and costs because the Trial Court judgment would become a final, non-appealable judgment; (2) Tesco and this Court would have wasted considerable time and effort in reaching a decision on significant legal issues and matters of public policy for Texas insureds; (3) vacating this Court's opinion leaves an erroneous Trial Court judgment in place, which will cause other parties and other Texas courts to spend more time and effort re-litigating these

7

same issues and will allow Steadfast to argue this Court's well-reasoned opinion is of no force and effect; and (4) Steadfast, by its own strategic settlement and stipulation in the Colorado District Court case, has been able to wait and see this Court's opinion and then file these Motions.

Steadfast waited more than thirty (30) days to tell this Court or Coats | Rose that it had entered into a stipulation that would allegedly moot this court's issuance of its opinion. Steadfast, knowing the Trial Court was about to lose jurisdiction and this Court's decision could be moot, delayed the Motion to Vacate until after this Court's opinion was released. Steadfast has laid behind the law to seek an advantage. Proper and adequate notice would have allowed actions to be taken to extend the Colorado Court's jurisdiction or to issue this Court's opinion. Hence, this case is also not moot under the collateral consequences exception to the mootness doctrine.

## C.    Vacate One, Vacate All

In its response, Tesco also posited that, in the event this Court vacates its Opinion, then it must also enter an order that vacates the Trial Court Opinion and Judgment. *Thompson v. Ricardo*, 269 S.W.3d 100, 103-04 (Tex. App.—Houston (The appellate court must vacate the judgment of the trial court and dismiss the underlying case if there ceases to be a controversy between the litigating parties.); *Gen. Land Office v. OXY U.S.A., Inc.*, 789 S.W.2d 569, 570 (Tex. 1990) (stating if

8

no controversy continues to exist between the parties, the appeal is moot and the court must dismiss the cause); *Reule v. RLZ Investments*, 411 S.W.3d 31, 32 (Tex. App.—Houston [14th Dist.] 2013, no pet.) (stating if a case is found to be moot on appeal, all previous orders and judgments must be set aside and the case dismissed). To instruct otherwise would allow Steadfast to attempt to use an erroneous Trial Court judgment in future disputes with Texas insureds on the issue of punitive damages and choice of law.

## CONCLUSION

This Court should leave its current Opinion and Judgment intact and remand the case to the Trial Court for a determination of attorney's fees to which Tesco is entitled through that date. There is a continuing legal and equitable dispute as to attorney's fees and costs to which Tesco is entitled given the extensive effort expended correcting an erroneous Trial Court decision. This is especially appropriate in this case where this Court has previously remanded this case for that very determination. Steadfast should not be rewarded for its stipulation that attempts to destroy this Court's jurisdiction. To do otherwise would result in the waste of judicial resources and have significant adverse practical effects on Tesco and other Texas insureds.

Alternatively, to the extent this Court finds that the case is moot and that no live controversy regarding attorney's fees remained pending, it should not only

9

withdraw its Opinion and Judgment, but also enter an order that vacates the Trial Court Opinion and Judgment.

## PRAYER

For the reasons stated above, Appellate Tesco Corporation (US) requests that this Court grant its Motion for Rehearing, leave its current Opinion and Judgment intact, remand this case to the Trial Court for further proceeding, and award all other relief in which Appellate shows it is justly entitled.

Respectfully submitted,

COATS, ROSE, YALE, RYMAN & LEE, P.C.

By: _____

David S. Lynch
State Bar Number 12725825
dlynch@coatsrose.com
Daniel F. Shank
State Bar Number 18090400
dshank@coatsrose.com
9 Greenway Plaza, Suite 1100
(713) 651-0111 (telephone)
(713) 651-0220 (facsimile)

ATTORNEYS FOR APPELLANT, TESCO CORPORATION (US)

4829-5812-0226.v1

## CERTIFICATE OF SERVICE

As required by Texas Rule of Appellate Procedure 6.3 and 9.5(b), (d), (e), I certify that I have served this Response to Steadfast Insurance Company's Motion for Rehearing and Motion to Vacate Opinion and Judgment on Appellee's attorneys of record on the 18th day of February, 2015, as follows:

Blair Dancy
bdancy@bddglaw.com
Rebecca DiMasi
rdimasi@bddglaw.com
BUCHANAN DIMASI DANCY & GRABOUSKI, LLP
9600 Great Hills Trail, Suite 300 West
Austin, Texas 78759

By email.

David S. Lynch
Date: February 18, 2015

4829-5812-0226.v1